IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Leslie Daniel, | ) |
|               Plaintiff, | ) C.A. No. 8:07-4146-HMH-BHH |
| vs. | ) **OPINION & ORDER** |
| Pickens County Sheriff Department and C. David Stone, in his individual and official capacity as Sheriff of Pickens County Sheriff Department, South Carolina, | ) |
|              Defendants. | ) |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Plaintiff Leslie Daniel ("Daniel") alleges gender and race discrimination as well as retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1983. Daniel also alleges a hostile work environment claim based on her race and gender. In her Report and Recommendation, Magistrate Judge Hendricks recommends granting Defendants' motion for summary judgment. Daniel filed objections to the Report and Recommendation. After review, the court grants Defendants' motion for summary judgment.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Daniel, an African-American woman, worked for the Pickens County Sheriff's Office as a juvenile detective from July 30, 1995 until August 2005, when she was demoted from the position. (Compl. III(A).) During her time as a juvenile detective, Daniel received a number of work-related reprimands. In particular, in August 2004, Daniel was counseled for failing to complete supplemental reports related to her case assignments. (Defs. Mem. Supp. Mot. Summ. J. Exs. (Daniel Dep. 212).) On August 1, 2005, Daniel received a memorandum from Lieutenant J.B. Kelley ("Lieutenant Kelly"), stating that Daniel had not completed supplemental reports in forty-five cases, some of which dated back to January 2005. (Id. Exs. (Daniel Dep. 212).) On August 10, 2005, Daniel engaged in a verbal confrontation with Detective Larry Martin ("Detective Martin") when he tried to assign her cases. (Id. Exs. (Daniel Dep. 215-16).) Daniel was ultimately demoted from a detective position and transferred to the Pickens County Detention Center in August 2005. (Id. Exs. (Sheriff David Stone ("Stone") Dep. 11-12).)

During her time with the Juvenile and Adult Detective Division, Daniel was the only female detective working for the department. (Compl. III(A).) Daniel alleges that she has been discriminated against because of her gender and race by "being denied various promotions . . . and by being denied numerous lateral moves." (Id.) More specifically, Daniel asserts that although she is the only certified juvenile investigator and forensic interviewer in child abuse cases in the Pickens County Sheriff's Office, lesser qualified white males have been granted lateral moves and/or promotions "to other positions . . . such as the position of Supervisor over the Juvenile Detective Division . . . ." (Id. II.) On June 19, 2001, Daniel "applied for a promotion to the position of Lieutenant over the Juvenile Detective Division" but was not

chosen; instead, "a white male from a lateral move out of the Adult Detective Division" was selected for the Lieutenant position ("June 2001 promotion"). (Id. V ¶ 7.) Daniel was also denied "three different lateral moves to the Adult Detective Division in December 2004, July 2005, and September 2005 . . . ." (Id. III(A).) She attributes her denials and ultimate demotion to race and gender discrimination.

In addition, Daniel alleges that Defendants subjected her to a racially hostile environment by "regularly us[ing] disparaging racial and gender slurs/remarks toward Wom[e]n, Hispanics and blacks with no meaningful disciplinary actions meted out or little slaps on the wrist." (Compl. III(A).)

Lastly, Daniel alleges that after she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in August 2004 and began questioning her supervisors about why she was denied promotions and lateral moves, she became "subjected to bogus 'write ups' or disciplinary letters, unfair disciplinary actions and she was demoted in August, 2005 . . . ." (Id. III(A).) Daniel alleges that she wrote a "letter to Sheriff, [David] Stone [("Detective Stone")], on August 12, 2004 inquiring why she was always being passed over for promotions and lateral moves" since, at that time, she "always received good evaluations and she was never 'written up.'" (Id. IV ¶ 4.) Beginning two days later and continuing until her present position as a Detention Officer, Daniel alleges that she has been the subject of many "bogus" disciplinary actions in retaliation for filing an EEOC charge. (Id.) Ultimately, Daniel was demoted "in August, 2005 to a position of a Detention Officer with a loss of income." (Id. III(A).)

Daniel received her right-to-sue letter from the EEOC on September 26, 2007. She filed a complaint against Defendants on December 26, 2007, alleging race and gender discrimination, retaliation, and hostile work environment claims. Defendants filed a motion for summary judgment on February 10, 2009. Daniel filed a memorandum in opposition on March 25, 2009. On June 23, 2009, Magistrate Judge Hendricks recommended granting Defendants' motion for summary judgment because "there exist no issues of fact from which a reasonable jury could find in [Daniel's] favor on any of her claims." (Report & Recommendation 6.) Objections to the Report and Recommendation were due on July 13, 2009. Daniel filed untimely objections on July 14, 2009 and July 15, 2009. On July 20, 2009, Daniel filed a motion requesting the court to consider her objections as timely filed.

## II. Report and Recommendation

Magistrate Judge Hendricks recommends granting Defendants' motion for summary judgment for the following reasons: (1) the June 2001 promotion claim is time-barred under Title VII and § 1983; (2) "no reasonable jury could conclude that [Daniel] established the elements of a prima facie case of a discriminatory failure to promote"; (3) Defendants have provided sufficient legitimate non-discriminatory reasons ("LNR") for Daniel's demotion in August 2005 and Daniel has not provided sufficient evidence to establish pretext; and (4) no reasonable jury could conclude that Daniel's vague evidence of comments created a hostile work environment. (Report & Recommendation, generally.)

### III. OBJECTIONS

Daniel specifically objects to the magistrate judge's Report and Recommendation arguing that the magistrate judge erred because: (1) the June 2001 promotion claim is not time- barred under Title VII or § 1983 because it was "a continuing act of discrimination"; (2) she has provided sufficient evidence to establish a prima facie case of discrimination for failure to promote based on her gender and race; (3) she has provided sufficient proof to demonstrate that Defendants' LNR's for demoting her are pretextual; and (4) her hostile environment claim is supported by the evidence she has presented. (Objections, generally).

### IV. DISCUSSION OF THE LAW

#### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. Moreover, "[w]hen a motion for summary

judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

### B. Failure to Promote Based on Race and Gender Discrimination

### 1. June 2001 Promotion

Daniel alleges that she was denied various promotions and lateral positions based on her race and gender in violation of Title VII and 42 U.S.C. § 1983. The only promotion Daniel specifically refers to is the June 2001 promotion.

"Before a plaintiff may file suit under Title VII . . . , [s]he is required to file a charge of discrimination with the EEOC." Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). "Title VII establishes two possible limitation periods for filing a discrimination charge with the EEOC." Id.; 42 U.S.C. § 2000e-5(e)(1). "The basic limitations period is 180 days after the alleged unlawful employment practice. However, the limitations period is extended to 300 days when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency." Id. (internal quotation marks omitted). Daniel did not file an EEOC charge of discrimination until August 29, 2005, over four years after the June 2001 promotion.

Unlike Title VII, § 1983 "lacks a specific limitations period and therefore 'borrows' its limitations period from state law . . . ." Wade v. Danek Med., Inc., 182 F.3d 281, 289 (4th Cir. 1999.) Specifically, the court should apply the limitations period from state personal injury statutes. Owens v. Okure, 488 U.S. 235, 240-41 (1989) ("Because § 1983 claims are best

characterized as personal injury actions . . . a State's personal injury statute of limitations should be applied to all § 1983 claims"). S.C. Code Ann. § 15-3-530(5) provides a three-year statute of limitations for personal injury causes of action. Smith v. Beasley, No. 07-1641, 2007 WL 2156632 (D.S.C. July 25, 2007). Accordingly, Daniel had three years after June 2001 to file a claim against Defendants for any alleged discrimination arising from the June 2001 promotion. Daniel, however, did not file the complaint in this case until December 26, 2007, over six years after the June 2001 promotion.

Daniel maintains, however, that she is not time-barred under Title VII or § 1983, because the "promotion in June 2001 was a continuing act of discrimination and . . . [the] denial was a part and parcel of the defendants' continuing unlawful discriminatory acts against [her]." (July 14, 2009 Objections 1.) This objection is without merit.

"The continuing violation theory allows for consideration of incidents that occurred outside the time bar when those incidents are part of a *single, ongoing pattern of discrimination*." Holland v. Washington Homes, Inc., 487 F.3d 208, 219 (4th Cir. 2007) (emphasis added). Daniel, "however, cannot benefit from the continuing violations theory because [s]he has alleged discrete violations." Id. at 220. "[A]n employee must file a charge of discrimination within the appropriate limitations period as to each discrete act of discrimination that occurred." Williams v. Giant Food Inc., 370 F.3d 423, 429 (4th Cir. 2004). "[F]ailure to promote is a discrete act of discrimination." Id. As such, this court "decline[s] to extend the limitations period[ ] for discrete acts of discrimination merely because the plaintiff asserts that such discrete acts occurred as part of" continuing acts of discrimination. Holland, 487 F.3d at 220. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in

7

timely filed charges." Id. Accordingly, the June 2001 promotion claim is time-barred under Title VII and § 1983.

## 2. Lateral Positions

Daniel also alleges that she was denied three "lateral moves" to the Adult Detective Division between December 2004 and September 2005 because of her gender and race. (Compl. III(A).) "Under Title VII and . . . § 1983, the elements of the required prima facie case are the same." Gairola v. Com. of Va. Dept. of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir. 1985). To establish the McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), prima facie case of discriminatory failure to promote, Daniel must establish that "(1) [she] is a member of a protected group; (2) [she] applied for the position in question; (3) [she] was qualified for the position; and (4) [she] was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." Bryant v. Aiken Reg'l Med. Ctrs. Inc., 333 F.3d 563, 544-45 (4th Cir. 2003).

Daniel cites the following evidence to support her discriminatory failure to promote claim: (1) an allegation that she was denied three lateral moves to the Adult Detective Division; (2) "lesser qualified white males were selected each time"; and (3) the names of six white males who received lateral promotions during an unspecified period of time.[2] (Daniel Mem. Opp'n Mot. Summ. J. Ex. 4 (Daniel Aff. ¶ 21).) Even assuming that Daniel applied and was qualified for each of the lateral positions, she has provided the court with no evidence to infer an unlawful

---

[2] For example, Daniel lists that Keith Galloway ("Galloway"), a white male, was promoted "from the Road to a Detective." (Daniel Mem. Opp'n Mot. Summ. J. Ex. 4 (Daniel Aff. ¶ 21).) However, Daniel does not state that she and Galloway applied for the same position or that she was qualified and not selected.

discriminatory reason for not receiving the promotions. Consequently, Daniel fails to provide evidence to survive the fourth prong of the McDonnell Douglas test. "Without the fourth prong of the *McDonnell Douglas* proof scheme, any qualified minority applicant who is denied promotion could make out a *prima facie* case by merely proving his race, his qualifications, and his failure to be promoted." Holmes v. Bevilacqua, 794 F.2d 142, 147 (4th Cir. 1986). "The proof of the first three prongs of the scheme only set the stage for the fourth, which tips the scale in favor of a *prima facie* case, because the fourth prong requires proof that points toward illegal discrimination." Id. In order to satisfy the fourth element, Daniel must provide evidence that her "race [or gender] was a determining factor in the employer's decision" Id. She has failed to do so. Accordingly, the court grants Defendants' motion for summary judgment as to the failure to promote claim under Title VII and § 1983.

### C. Retaliation

Next, Daniel alleges that her demotion in August 2005 was in retaliation to her "filing a Charge of Discrimination with the EEOC in August, 2004[3] and questioning why she had been denied promotions and numerous lateral moves." (Compl. III(A).)

Title VII provides that it is an "unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, . . . in any manner in an investigation . . . under this subchapter." 42 U.S.C. § 2000e-3(a). To demonstrate retaliation under Title VII, Daniel must show "(1) [s]he engaged in protected activity; (2) [s]he

---

[3] Daniel submitted a General Intake Questionnaire to the EEOC on September 28, 2004. (Daniel Mem. Supp. Mot. Summ. J. Ex. 2 (Daniel Dep. Ex. 18).)

suffered an adverse employment action at the hands of [Defendants]; and (3) [Defendants] took the adverse action because of the protected activity." Bryant, 333 F.3d at 543.

Initially, the court notes that Daniel's allegation that her demotion was in retaliation for her EEOC inquiry which occurred almost one year prior to her demotion is without merit. Daniel submitted a questionnaire to the EEOC in September 2004 and was demoted in August 2005. The lengthy amount of time between Daniel's protected activity and the motion "negates any inference that a causal connection exists between the two." Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998). Additionally, even assuming that Daniel can establish that she was demoted shortly after complaining about her lack of promotions, her retaliation claim is still without merit.

After a plaintiff satisfies the prima facie case, "the burden . . . shift[s] to the employer to articulate some legitimate, nondiscriminatory reason" for the employer's adverse employment action. McDonnell Douglas Corp., 411 U.S. at 802. If an employer is able to demonstrate an LNR for its employment action, the burden shifts back to the plaintiff to prove that the employer's LNR is a pretext. Id. at 803.

The court finds that Defendants have articulated sufficient LNR's for Daniel's demotion. On August 1, 2005, Daniel was reprimanded for her failure to complete supplemental reports in over half of her cases dating back to January 22, 2005. (Defs. Mem. Supp. Mot. Summ. J. Exs. (Daniel Dep. 212).) Daniel was previously reprimanded for this same behavior in August 2004. (Id. Exs. (Daniel Dep. 212).) In addition, on August 10, 2005, Daniel engaged in a verbal confrontation with Detective Martin when he tried to assign her to certain cases. (Id. Exs. (Daniel Dep. 215-16).) Daniel has failed to offer any evidence that leads to an inference that

Defendants demoted her because of her race or gender. "Employers retain . . . the right to discipline or terminate employees for any legitimate, nondiscriminatory reason." Glover v. South Carolina Law Enforcement Div., 170 F.3d 411, 414 (4th Cir. 1999). In this case, Defendants have provided LNR's for their decision to demote Daniel and Daniel has failed to establish that the reasons given are pretextual. Accordingly, the court grants Defendants' motion for summary judgment on the Title VII retaliation claim.

### D. Hostile Work Environment

Lastly, Daniel argues that Defendants subjected her to a hostile work environment. Specifically, Daniel provides the following facts:

> [A] white Detective, Joey Duncan [("Duncan")], with whom I was on Road Patrol, made a racial statement in my presence when he asked a parent why she allowed her son to "Nigger-rig" his car. To my knowledge, he was never reprimanded or really disciplined. Also, my white coworkers always made derogatory comments and comments against people of Hispanic national origins and women although I have objected to these remarks and my superiors at the Sheriff Department were aware of these remarks[.] No action was taken by the Pickens County Sheriff Department to stop this behavior nor was anyone really reprimanded or disciplined[.][4]

---

[4] Daniel's complaint provides even fewer specific facts to support her hostile work environment claim. The complaint provides that:

> The Pickens County Sheriff Department and Sheriff Stone have illegally allowed the plaintiff to be subjected to a racially hostile environment where Sheriff Department employees regularly used disparaging racial and gender slurs/remarks toward Women, Blacks and Hispanics but no meaningful disciplinary actions were meted by the defendants or, if meted out, the disciplinary actions were nothing but "small slaps on the wrist."

(Compl. V ¶ 14.)

(Pl. Mem. Opp'n Summ. J. Exs. (Daniel Aff. ¶ 22).) Title VII makes it unlawful for "an employer . . . [to] discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's . . . race [or] sex." 42 U.S.C. § 2000e-2(a)(1).

"[I]n order to state a hostile work environment claim, a plaintiff must allege that the harrassment [sic] was based on her . . . gender [or] race . . . and that the harrassment [sic] was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 347 (4th Cir. 2005) (internal quotation marks omitted). In other words, in order to demonstrate that she was subjected to a hostile work environment, Daniel must allege that: "(1) she experienced unwelcome harassment; (2) the harassment was based on her gender [or] race . . . ; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

The magistrate judge found that no reasonable jury could conclude that Daniel's vague evidence of comments created a hostile work environment. (Report & Recommendation 25.) Daniel objects alleging that she has provided sufficient facts to establish a hostile work environment claim. (Objections 3.) The court disagrees. The facts provided by Daniel to support her hostile work environment claim, even when viewed in the light most favorable to Daniel, are vague and insufficient. "The 'severe or pervasive' element has both subjective and objective components." Ocheltree v. Scollon Prod., Inc., 335 F.3d 325, 333 (4th Cir. 325). "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work

environment–an environment that a reasonable person would find hostile or abusive–is beyond Title VII's purview." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993). "Likewise, if the [plaintiff] does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the [plaintiff's] employment, and there is no Title VII violation." Id. at 21-22. At best, Daniel has only established that comments made by her coworkers have subjectively offended her. However, she has failed to provide specific details of comments or actions of her coworkers to fully satisfy the severe and pervasive prong.

For example, Daniel alleges that a coworker used a racial term in speaking to another individual. However, a "mere utterance of an . . . epithet which engenders offensive feelings in a employee, does not sufficiently affect the conditions of employment to implicate Title VII." Id. at 21 (internal quotation marks and citation omitted). Daniel also alleges that her coworkers have made derogatory comments about women. However, there is no evidence regarding what any of the alleged comments were, how frequently they were made, whether they personally offended her, or whether the comments created an objectively hostile workplace environment and interfered with her work performance. Accordingly, the court finds that, viewing the facts in the light most favorable to Daniel, she has failed to state a hostile work environment claim. As such, the court grants Defendants' motion for summary judgment regarding the hostile work environment claim.

Therefore, based on the foregoing, the court grants Defendants' motion for summary judgment and adopts Magistrate Judge Hendricks' Report and Recommendation.

It is therefore

**ORDERED** that Defendants' motion for summary judgment, docket number 56, is granted; and it is further

**ORDERED** that Daniel's motion to consider her objections as timely, docket number 93, is granted.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 31, 2009